

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable R. T. Weber
Texas State Board of Dental Examiners
Norwood Building
Austin, Texas

Dear Sir:

Opinion No. O-5742
Re: May the Texas State Board of Dental Examiners re-voke a license (suspended under Article 4550a, Vernon's Annotated Civil Statutes) for practicing dentistry illegally?

Your request for an opinion on the above stated question has been received by this department.

Your letter reads, in part, as follows:

"According to the provisions of Senate Bill 278, 48th Legislature, the dental license of any duly licensed practitioner in the State of Texas is automatically suspended if for any reason that licensee has not registered with the Texas State Board of Dental Examiners on or before March 1 of each year, such registration to include the payment of Five ($5.00) Dollars for all practitioners ex-cept those on active duty with the Armed Forces of the United States on or before March 1 of that year.

"When a licensee's license has been suspended for the above reason and he continues to practice dentistry, illegally, who has jurisdiction? May the Texas State Board of Dental Examiners revoke the suspended license on those grounds? Or does the Court have to convict the licensee of illegal practice first?"

ION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. T. Weber, Page 2

Article 4550a, Vernon's Annotated Civil Statutes provides, in part, as follows:

"1. It shall be the _duty_ of all persons now lawfully qualified and engaged in the practice of dentistry in this state, or who shall hereafter be licensed for such practice by the State Board of Dental Examiners, to be registered as such practitioners with the State Board of Dental Examiners on or before March 1st of each calendar year. Each person so registering shall pay in connection with such annual registration for the receipt hereinafter provided for, a fee of Five ($5.00) Dollars, such payment to be made to said State Board of Dental Examiners. Every person so registering shall file with said Board a written application setting forth such facts as the Board may require. . . . . .

"2. If any person required to register as a practitioner of dentistry under the provisions hereof, shall fail or refuse to apply for such registration and pay such fee on or before March 1st of each calendar year, as hereinabove set forth, his license to practice dentistry, issued to him, shall thereafter stand suspended so that for thereafter in practicing dentistry, he shall be subject to the penalties imposed by law upon any person unlawfully practicing dentistry. Provided, that such license shall be re-instated at any time upon written application of the holder made to said Board with such information or facts which the Board may require, accompanied by the payment of the annual registration fees in arrears and an additional fee of Five ($5.00) Dollars. . . . . ." (Emphasis ours)

Article 748, Vernon's Annotated Penal Statutes provides as follows:

"No person shall extract teeth or perform any other operation pertaining to dentistry or

Honorable R. T. Weber, Page 3

dental surgery for pay or for the purpose of advertising, exhibiting or selling any medicine or instrument, unless such person shall first have complied with the provisions of the law regulating the practice of dentistry in this State."

Article 752c, Vernon's Annotated Penal Statutes, provides as follows:

"Sec. 4. The State Board of Dental Examiners shall be, and it shall be their duty, and they are hereby authorized to revoke, cancel or suspend any license or licenses that may have been issued by such Board, if in the opinion of a majority of such Board, any person or persons to whom a license has been issued by said Board to practice dentistry in this State, shall have, after the issuance of such license, violated any of the provisions of the Statutes of the State of Texas relating to the practice of dentistry in this State, or any of the provisions of Chapter 7, Title 12 of the Penal Code of the State of Texas, or any amendments that may hereafter be made thereto. . . .

"Sec. 5. If said Board shall make and enter any order cancelling or suspending any license or licenses as hereinabove provided, the person or persons whose license shall have been so cancelled and revoked or suspended may, within thirty (30) days after the making and entering of such order, take an appeal to the District Court of the county in which the alleged offense occurred by filing an appropriate petition for such purpose.

You will observe that Article 4550a, supra, specifically subjects a person failing to pay the annual registration fee to the "penalties imposed by law upon any person unlawfully practicing dentistry."

Article 748, supra, prohibits the practice of dentistry "unless such person shall first have complied with the

Honorable R. T. Weber, Page 4

provisions of the law regulating the practice of dentistry." Obviously, the failure to pay the annual registration fee is a failure to comply with "the provisions of the law regulating the practice of dentistry" and with such failure the practice of dentistry is prohibited and unlawful.

Article 752c, Sec. 4, supra, confers on the State Board of Dental Examiners the "duty" to revoke or cancel the license "if in the opinion of a majority of the Board" the licensee has violated any of the provisions of the statutes relating to dentistry (which includes, of course, Article 748, supra). Therefore, it is clear the Board itself determines the violation.

"It is, of course, well settled that the practice of dentistry, relating as it does to the public health is subject to governmental control. The State therefore has the power to prescribe reasonable regulations for the granting of licenses to practice dentistry, and may delegate to an administrative board or agency the authority to pass upon the qualifications of applicants and to grant or refuse licenses. Likewise, the State, may, for cause, revoke such licenses, and may also delegate that function to such board or agency." Francisco v. Board of Dental Examiners (Civ. App.) 149 S.W. (2) 619, error refused.

Furthermore, and in strength of this, you will note that provision is made in Section 5, Article 752c, supra, for an appeal to the district court from the order revoking or cancelling his license.

In view of the foregoing and in answer to your question, you are respectfully advised that the Texas State Board of Dental Examiners may revoke a suspended license for practicing dentistry illegally.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred Chandler
Assistant

By

Elton M. Hyder, Jr.

EMH:ff

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN